UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALTERNATE ENERGY HOLDINGS, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN N. GIORGI, an individual; JOHN N. GIORGI, P.C., a professional corporation of unknown origin, inclusive,<br><br>Defendants. | Case No. 1:14-cv-00225-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court in the above-entitled matter are Plaintiff's Motion for Default Judgment and Motion to Strike as well as Defendant's Motion to Vacate Default. The matters are fully briefed and/or the time for filing any briefing has passed. The facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter is decided on the record without oral argument.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts giving rise to this action involve Plaintiff's, Alternate Energy Holdings, Inc. ("AEHI"), and its former President, Donald Gillespie, attempt to obtain funding to build a nuclear reactor in Idaho. Defendants John N. Giorgi and his law firm, John N. Giorgi, P.C., were hired to assist in that endeavor. To secure the needed funding, AEHI entered into various agreements and financial transactions with Hamilton Guaranty Capital, LLC ("HGC") including providing an advance fee of $2,000,500.00 and entering into a financial services agreement. The law firm of Black & LoBello, LLP ("Black & LoBello") and attorney Andras Babero were used as the escrow agents for the advance fee and an entity named General Equity Building Society ("GEBS") in Auckland, New Zealand purportedly set up an account to hold the money raised. Ultimately the deal unraveled when certain truths about HGC, GEBS, and Mr. Babero were discovered.

Thereafter, AEHI and HGC both claimed the right to the advance payment that was being held in escrow. AEHI's attempts to recover the advance payment were complicated by the filing of an action in this Court by the Securities and Exchange Commission ("SEC") against AEHI and Mr. Gillespie. Another action was filed by Black & LoBello against HGC in the Nevada United States District Court.

On June 5, 2014, AEHI filed this case against Mr. Giorgi alleging claims of professional malpractice, breach of fiduciary duty, and breach of the covenant of good faith and fair dealing. (Dkt. 1.) Mr. Giorgi filed an Answer on November 14, 2014. (Dkt. 10.) Thereafter this case was stayed until July 6, 2015 to allow the two related cases to be resolved. (Dkt. 15, 16.) On April 10, 2015, counsel for Mr. Giorgi requested leave to

withdraw. (Dkt. 17.) In the Court's May 14, 2015 Order granting leave to withdraw, the Defendants were advised to file written notice stating how they would be represented in this matter and that failure to do so would be sufficient grounds for entry of default against them. (Dkt. 18.)

The Defendants failed to timely file their written notice and, on July 14, 2016, default was entered against them. (Dkt. 22, 23.) AEHI then filed a Motion for Default Judgment. (Dkt. 25.) Mr. Giorgi then file a Notice of Appearance, Notice of Motion Vacating any Default, an opposition to the Motion for Default Judgment, and a sur-reply brief. (Dkt. 28, 29, 30, 34.) AEHI has responded to these filings and filed its own Motion to Strike the Defendants sur-reply. (Dkt. 31, 33, 35.) The Court takes up these motions below.

## ANALYSIS

### 1. Motion for Default Judgment

Under Federal Rule of Civil Procedure 55(b)(2), a party can apply to the district court for entry of judgment by default after the clerk has entered the party's default based on its failure to plead or otherwise defend itself. Whether to enter default judgment is in the sole discretion of the court. *See Lau Ah Yew v. Dulles*, 236 F.2d 415 (9th Cir. 1956). The Ninth Circuit has identified seven factors for the Court to consider in exercising its discretion to enter default judgment: (1) potential prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the Complaint; (4) the amount at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal

Rules favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Additionally, where a party is in default, all well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Rule 55(b)(2) states that the Court "may" conduct a hearing prior to entering a default judgment. The Court is not required to do so if the record reveals no issue of material fact. *Kashin v. Kent*, 457 F.3d 1033, 1043 (9th Cir. 2006).

Applying the *Eitel* factors to this case, the Court finds most of the factors weigh against entering default judgment. The delay resulting from Defendants failure to timely appear has caused AEHI some prejudice but that prejudice is outweighed by the other factors. As to the second and third factors regarding the sufficiency and merits of the claims, the Court finds there are significant questions as to whether the claims in the Complaint are viable. In particular, whether the Defendants' alleged involvement in the failed attempt to raise funds is sufficient to sustain the malpractice and breach claims made in the Complaint. The fourth factor – amount at stake – also weighs against default judgment as AEHI seeks a large judgment in the amount of $630,425.80. (Dkt. 25.) As to the fifth factor, the parties dispute the material facts in this case; in particular with regard to Mr. Giorgi's actions, involvement, and knowledge concerning the transactions in question.

The sixth factor – excusable neglect – is also disputed by the parties. Mr. Giorgi contends he never received the Court's Order directing him to file a notice of appearance.

AEHI disputes this claim. The Court finds this factor to weigh in favor of default judgment. Despite Defendants' representations, the Order was served upon Defendants at their address of record and Defendants made their appearance and filed the instant motions when faced with the possibility of default judgment being entered.

The final *Eitel* factor weighs heavily against entering default judgment in this case. The strong policy favoring deciding cases on their merits applies particularly where, as here, the parties dispute the substance and merits of the claims.

While this case has lingered on far too long, the Court concludes that on balance the factors weigh against entering default judgment in this case. For these reasons, the Court denies AEHI's Motion for Default Judgment.

2. **Motion to Vacate Entry of Default**

"The court may set aside an entry of default for good cause...." Fed. R. Civ. P. 55(c). The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The Ninth Circuit has recognized three factors to be used when determining whether good cause exists: 1) whether the defendant's culpable conduct led to the default; 2) whether the defendant has a meritorious defense; and 3) whether reopening the default judgment would prejudice the plaintiff. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). The factors are disjunctive, so the Court may deny relief if any of the three factors are met. *Am. Ass'n of*

*Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). The party seeking to set aside the entry of default carries the burden of demonstrating that relief is warranted. *See Franchise*, 375 F.3d at 926. The Court is mindful that "'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible be decided on the merits.'" *Mesle*, 615 F.3d at 1091 (citing *Falk*, 739 F.2d at 463).

Defendants argue they never received the Orders advising them that they were required to file a notice of appearance within fourteen days and they assert defenses to AEHI's claims. (Dkt. 29, 30.) AEHI disputes the Defendants' contentions and further argue it has been prejudiced in this case by the substantial delay in resolving this case. (Dkt. 33.) For many of the same reasons discussed with regard to AEHI's Motion for Default Judgment, the Court finds good cause has been shown to vacate the default entered in this case.

As to the first factor, the parties dispute whether Defendants' culpable conduct caused the default and whether Defendants have a meritorious defense. There are two lines of cases within the Ninth Circuit regarding the correct standard for evaluating the "culpable conduct" factor for purposes of setting aside a default. *See Rafferty v. Keypoint Government Solutions, Inc.*, Case No. 4:16-cv-00210-BLW, 2016 WL 7340281, at *2 (D. Idaho Dec. 19, 2016). One line of cases holds that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Group*, 244 F.3d at 697 (quoting Alan *Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). A second line of cases, however, suggests

that if a defendant has received actual or constructive notice of an action and fails to answer, this conduct alone is indicative of culpability. *See Franchise Holding II*, 375 F.3d at 926.

Under either standard, the Defendants' conduct is culpable. Defendants' explanation for not having timely filed their notice of appearance in this case notes first that this matter had been stayed and Defendants believed it was still on hold and, second, that Defendants "cannot recall having received anything that would have prompted [them] to respond in 14 days…." (Dkt. 29.) The record indicates otherwise. All of the filings made in this case since defense counsel withdrew, including the Order requiring Defendants to appear within fourteen days, were served upon the Defendants at the same address which is their current address record. (Dkt. 19, 22, 23, 24.) Again, Defendants did not respond to these filings until faced with the possibility of default judgment being entered. The only explanation given is a "mistake of fact." (Dkt. 29.) The Court finds this reasoning is insufficient given Mr. Giorgi is an attorney and a named Defendant in this action who is sophisticated enough to have timely filed his appearance in this matter.

Although the Court recognizes that the Defendants' culpability is a sufficient basis upon which to deny the motion, the Court declines to do so here. *See In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991) ("[t]his tripartite test is disjunctive," meaning that the district court would be free to deny the motion if any of the three factors was true.) The reasons discussed above with regard to denying the request for entry of default judgment also apply here to vacating the entry of default. While AEHI will suffer some prejudice from the delay, there has not been a great deal of litigation done in this matter thus far

7

and delay, in and of itself, does not overcome the strong policy in favor of deciding cases on their merits. *TCI*, 244 F.3d at 696, 700 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("[t]o be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'"). Merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment. *Id.* ("had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so. A default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation.").

Moreover, the Defendants have set forth meritorious defenses to the claims raised in the Complaint. The burden on a party seeking to vacate a default judgment is not extraordinarily heavy. *TCI*, 244 F.3d at 700 (citing *In re Stone*, 588 F.2d 1316, 1319 n. 2 (10th Cir. 1978) (explaining that the movant need only demonstrate facts or law showing the trial court that "a sufficient defense is assertible"). The parties here dispute whether the factual allegations are sufficient to sustain the claims in addition to disputing the facts themselves. For all of the reasons stated in this Order, the Court finds that Defendants have shown good cause exists to set aside the default in this matter. Therefore, the Court will grant Defendants Motion.

### 3. Motion to Strike

AEHI seeks to strike the Defendants' sur-reply brief as an improper filing under Local Civil Rule 7.1. (Dkt. 35.) The Court agrees with AEHI and will strike Defendants' sur-reply brief. As the responding party to AEHI's Motion for Default Judgment, under Local Civil Rule 7.1 the Defendants were allowed to file one response brief. *See* Local Civ. R. 7.1(c). AEHI may then file a reply brief. The Rule does not allow Defendants to file a brief in reply to AEHI's reply brief. At the very least, Defendants should have asked for leave of the Court to submit their sur-reply. For these reasons, AEHI's Motion to Strike is granted and the Court has not considered Defendants' reply brief. (Dkt. 34.)

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1) Plaintiff's Motion for Default Judgment (Dkt. 25) is **DENIED**.

2) Defendant's Motion to Vacate Default (Dkt. 29) is **GRANTED**. The Entry of Default (Dkt. 23) is **VACATED**.

3) Plaintiff's Motion to Strike (Dkt. 35) is **GRANTED**. Defendants' Reply Brief (Dkt. 34) is **HEREBY STRIKEN**.

4) **The parties are required to jointly file a litigation plan within 30 days. Failure by either party to timely cooperate in good faith in completing the litigation plan may be grounds for dismissal of the action or default against that party without further notice.** The Court's litigation plan

form may be found on the District Court's website, www.id.uscourts.gov, under Forms.[1]

DATED: January 17, 2017

/s/ Edward J. Lodge
Edward J. Lodge
United States District Judge

---

[1] The URL address to access the Court's forms may be found here: http://id.uscourts.gov/district/forms_fees_rules/Civil_Forms.cfm